District Judge Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BASSAM YUSEF KHOURY, et al., ) No. C13-1367-RAJ
)
       Plaintiffs-Petitioners, )
)
  v. )
) **ORDER ADOPTING PARTIES'**
NATHALIE ASHER, et al., ) **STIPULATION AND DIRECTING**
) **ENTRY OF JUDGMENT**
       Defendants-Respondents. )
)

    In the wake of the court's March 11 order, the parties have submitted a stipulation.  Dkt. # 45.  They agree that the court may dismiss Plaintiff's claim invoking the Due Process clause of the Fifth Amendment without prejudice.  They further agree that the court need not enter a permanent injunction, and that the Defendants will instead comply with the terms of the stipulation.

    The court GRANTS the stipulation and orders as follows.

    1) The court dismisses Plaintiffs' Due Process claim without prejudice.

    2) The parties are bound by the terms of their stipulation, as set forth below.

    3) The clerk shall enter judgment for Plaintiffs, and that judgment shall incorporate the court's March 11 order certifying a class and granting declaratory relief in favor of the class.

    4) The clerk shall TERMINATE this civil action, although the court retains jurisdiction for the purpose of enforcing the terms of the stipulation.

//

//

ORDER - 1
Case No. C13-1367-RAJ

The remainder of this order reproduces the parties' stipulation as they submitted it.

Dated this 9th day of April, 2014.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Court Judge

## STIPULATION

Plaintiffs-Petitioners Bassam Yusef Khoury, et al. ("Plaintiffs"), and Defendants-Respondents Nathalie Asher, et al. ("Defendants" and collectively with Plaintiffs, the "Parties"), through counsel, submit the following stipulated statement and order ("Stipulation") pursuant to the Court's March 11, 2014, order (ECF No. 44).

### I.   STIPULATION RELATING TO PLAINTIFFS' DUE PROCESS CLAIM

Plaintiffs will take no further steps to pursue to judgment their Due Process claim set forth as the Second Cause of Action in Plaintiffs' First Amended Class Action Complaint and Petition For Writ of Habeas Corpus, ECF No. 19 ("Due Process Claim").  Plaintiffs stipulate to voluntarily dismiss without prejudice their Due Process Claim.

### II.   DEFINITIONS RELATING TO RELIEF

In addition to the capitalized terms defined above, the following terms shall have the following meanings in this Stipulation:

1. "Order" means the order of the Court entered in this action on March 11, 2014, ECF No. 44.

2. "ICE" means U.S. Immigration and Customs Enforcement.

3. "Current Class Detainee" means any individual/detainee deemed by ICE to be an 'alien' currently in immigration detention whom ICE has been detaining in the Western District of Washington pursuant to 8 U.S.C. § 1226(c) prior to March 11, 2014, but who was not taken into

immigration custody immediately upon his or her release from criminal custody for an offense referenced in 8 U.S.C. § 1226(c)(1).[1]

4. "New Class Detainee" means any individual/detainee deemed by ICE to be an 'alien' whom ICE has taken or takes into immigration custody in the Western District of Washington on or after March 11, 2014, but who was not taken into immigration custody immediately upon his or her release from criminal custody for an offense referenced in 8 U.S.C. § 1226(c)(1).

5. "Form I-286" means Department of Homeland Security Form I-286, attached hereto as Exhibit A.

6. "EOIR" means the United States Department of Justice Executive Office for Immigration Review.

7. "Custody Redetermination" means an individualized review of ICE's custody determination for Current Class Detainees and New Class Detainees conducted by an immigration judge pursuant to 8 U.S.C. § 1226(a), 8 C.F.R. § 1003.19, and 8 C.F.R. § 1236.1(d)(1).

### III. STIPULATIONS RELATING TO RELIEF

The Parties stipulate that injunctive relief is unnecessary to afford complete relief to the class in light of Defendants' following response to the Order, which Defendants stipulate to maintain for so long as the Order remains valid and enforceable:

1. ICE will detain all New Class Detainees subject to 8 U.S.C. § 1226(a), rather than to 8 U.S.C. § 1226(c).

2. As of March 26, 2014, ICE has identified all Current Class Detainees, provided Current Class Detainees with a custody determination pursuant to 8 U.S.C. § 1226(a) and 8 C.F.R

---

[1] Plaintiffs note that they object to use of the term "alien" unless citing to the statute or case law. As the Sixth Circuit recently stated, "[w]e recognize that using the term 'alien' to refer to other human beings is offensive and demeaning. We do not condone the use of the term and urge Congress to eliminate it from the U.S. Code. We use it here, however, to be consistent with the statutory language and to avoid any confusion in replacing a legal term of art with a more appropriate term." *Flores v. U.S. Citizenship and Immigration Services*, 718 F.3d 548, 551 n.1 (6th Cir. 2013). Pointedly, the majority opinion of the Supreme Court's most recent decision analyzing the Immigration and Nationality Act replaced any reference to "alien" with "noncitizen." *Moncrieffe v. Holder*, 133 S.Ct. 1678 (2013).

ORDER - 3
Case No. C13-1367-RAJ

§ 1236.1(c)(8), and provided Current Class Detainees with notice of ICE's custody determination on Form I-286.

3. By May 2, 2014, EOIR will commence Custody Redeterminations for all Current Class Detainees who request them pursuant to 8 C.F.R. § 1003.19(b) on or before April 2, 2014.

4. EOIR will provide Custody Redeterminations for all other Current Class Detainees and for all New Class Detainees pursuant to 8 U.S.C. § 1226(a), 8 C.F.R. § 1003.19 and 8 C.F.R. § 1236.1(d)(1).

5. By June 2, 2014, undersigned counsel for Defendants will file and serve a certification that Current Class Detainees have been processed and treated as detainees subject to 8 U.S.C. § 1226(a) and that those who requested Custody Redeterminations pursuant to 8 C.F.R. § 1003.19(b) on or before April 2, 2014, had their Custody Redeterminations commenced, with all procedural protections allowable by law, by May 2, 2014.

6. By June 2, 2014, Defendants will provide class counsel with a list of (i) Current Class Detainees, including full name, and A number; (ii) the date they were detained by Defendants; (iii) information about Custody Redetermination hearings, including whether or not one was conducted, and the date of hearing; and (iv) the result of any Custody Redetermination, including specifying release on own recognizance and the amount of bond set by an immigration judge.

7. By June 2, 2014, Defendants will provide class counsel with copies of all I-286 forms provided to each Current Class Detainee.

Dated: April 2, 2014

| NORTHWEST IMMIGRANT RIGHTS PROJECT | Respectfully submitted, |
|---|---|
| /s/ Chris Strawn<br>Chris Strawn, WSBA No. 32243<br>Matt Adams, WSBA No. 28287<br>615 Second Avenue, Suite 400<br>Seattle, WA 98104<br>(206) 957-8611 | STUART F. DELERY<br>Assistant Attorney General<br>Civil Division<br><br>COLIN A. KISOR<br>Acting Director<br>Office of Immigration Litigation<br>District Court Section |

ORDER - 4
Case No. C13-1367-RAJ

| | |
|---|---|
| 1 | Betsy Tao, WSBA No. 33348<br>1331 G Street NW, Suite 200 |
| 2 | Tacoma, WA |
| 3 | (206) 957-8647 |
| 4 | ACLU IMMIGRANTS' RIGHTS PROJECT<br>Michael Tan, Cal. Bar. No. 284869 |

Betsy Tao, WSBA No. 33348
1331 G Street NW, Suite 200
Tacoma, WA
(206) 957-8647

ACLU IMMIGRANTS' RIGHTS PROJECT
Michael Tan, Cal. Bar. No. 284869
Admitted pro hac vice
39 Drumm St.
San Francisco, CA 94111
(415) 343-0779

Judy Rabinovitz, NY Bar. No. JF-1214
Admitted pro hac vice
Sarah Mehta, NY Bar. No. 4929584
Admitted pro hac vice
125 Broad Street
New York, NY 10004
(212) 549-2619

ACLU OF WASHINGTON FOUNDATION
Sarah A. Dunne, WSBA No. 34869
901 Fifth Avenue, Suite 630
Seattle, WA 98164
(206) 624-2184

GIBBS HOUSTON PAUW
Robert Pauw, WSBA No. 13613
Devin T. Theriot-Orr, WSBA No. 33995
1000 Second Avenue, Suite 1600
Seattle, WA 98104-1003
(206) 682-1080

ATTORNEYS FOR PLAINTIFFS-PETITIONERS

---

AARON S. GOLDSMITH
Senior Litigation Counsel

TIMOTHY M. BELSAN
Trial Attorney

LORI B WARLICK
Trial Attorney

/s/ Hans H. Chen
HANS H. CHEN
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 307-4469
Facsimile: (202) 305-7000
Email: hans.h.chen@usdoj.gov

ATTORNEYS FOR DEFENDANTS-RESPONDENTS

---

ORDER - 5
Case No. C13-1367-RAJ